**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK a/s/o Freemont Lofts Condominium Trust,<br><br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>WATTS WATER TECHNOLOGIES, INC.<br><br>　　　　　　　　　　Defendant | Civil Action No.: 1:19-cv-11350<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("GAIC" or "Plaintiff"), was and is an New York Corporation with its principal place of business located at 301 East 4th Street, Floor 25, in the City of Cincinnati, County of Hamilton and State of Ohio.

2. At all times hereinafter mentioned, upon information and belief, WATTS WATER TECHNOLOGIES, INC. ("Defendant" or "Watts") was and is Delaware Corporation with its principal place of business located at 815 Chestnut Street, in the City of North Andover, County of Essex, and State of Massachusetts.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is properly made in this District pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) as the defendant resides within this District and a substantial part of the events or omissions giving rise to this claim occurred within this District.

## **BACKGROUND**

5. At all times relevant herein, Plaintiff's Subrogor Freemont Lofts Condominium Trust ("Subrogor" or "Freemont") was the Condominium Association that operated the Condominium Building located at 160 Freemont Street, in the City and County of Worcester, and Commonwealth of Massachusetts. (the "Premises").

6. At all times relevant herein, Plaintiff insured Freemont for *inter alia*, property damage pursuant to Policy No. MAC E222157and is subrogated to all of their rights and interests arising from an incident that occurred at the Premises on or about August 4, 2017.

7. Installed at the Premises was a pressure reducing valve manufactured by Defendant marked Series N223B and Model Number M1 (the "Pressure Reducing Valve").

8. The Pressure Reducing Valve was marked to indicate that it was to reduce water pressure between 25 to 75 PSI, and was set at 50 PSI.

9. The domestic water supply feeding the Premises was 150 PSI.

10. Upon information and belief, on or about August 4, 2017, between 1 a.m. to 2 a.m., the Pressure Reducing Valve manufactured by Defendant Watts installed at the Premises failed due to a manufacturing and/or design defect resulting in a dramatic increase in water pressure to the fixtures connected to the water supply system

11. As a direct and proximate result of the foregoing, the fixtures connected to the system failed as the water pressure exceeded their designed specifications due to the failure of the Pressure Reducing Valve.

12. As a direct and proximate result of the foregoing, a water infiltration event occurred resulting in damage to the Premises

13. As a direct and proximate result of the foregoing, Plaintiff GAIC, pursuant to its policy of insurance, was caused to pay damages in excess of Two Hundred Eight Seven Thousand Nine Hundred Eighty-Two Dollars ($287,982.00), and is now, therefore, subrogated to all the rights and interests of its Subrogor herein.

### COUNT I - Negligent Manufacture, Design, and Failure to Warn

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "13" of this complaint as if set forth herein in full.

15. Defendant Watts, its agents, representatives and/or employees had a duty to properly design, manufacture, assemble, distribute and place into the stream of commerce Pressure Reducing Valves, which were foreseeably safe, and would not create a hazardous condition by the ordinary use of such product

16. Defendant Watts, its agents, representatives and/or employees breached that duty by failing to properly design, manufacture, assemble, distribute and place into the stream of commerce Pressure Reducing Valves, including the Subject Pressure Reducing Valve, which were foreseeably safe, and would not create a hazardous condition by the ordinary use of such product

17. Such Pressure Reducing Valves, including the Subject Pressure Reducing Valve, were designed, manufactured, assembled and/or placed into the stream of commerce in such a way that the Pressure Reducing Valve could fail and result in foreseeable damage.

18. No such warning was provided by defendant, its agents, representatives and/or employees that a hazardous condition could be created if a Pressure Reducing Valve failed.

19. Upon information and belief, on or about August 4, 2017, between 1 a.m. to 2 a.m., the Pressure Reducing Valve manufactured by Defendant Watts at the Premises failed due

to a manufacturing and/or design defect resulting in a dramatic increase in water pressure to the fixtures connected to the water supply system

20. As a direct and proximate result of the foregoing, the fixtures connected to the system failed as the water pressure exceeded their designed specifications due to the failure of the Pressure Reducing Valve.

21. As a direct and proximate result of the foregoing, a water infiltration event occurred resulting in damage to the Premises

22. As a direct and proximate result of the foregoing, Plaintiff GAIC, pursuant to its policy of insurance, was caused to pay damages in excess of Two Hundred Eight Seven Thousand Nine Hundred Eighty-Two Dollars ($287,982.00), and is now, therefore, subrogated to all the rights and interests of its Subrogor herein.

WHEREFORE, plaintiff demand judgment on all causes of action against Defendant in an amount to be determined at trial, but in excess of Two Hundred Eight Seven Thousand Nine Hundred Eighty-Two Dollars ($287,982.00), together with pre-judgment and post judgment interest, the costs and disbursements of this action, and all other and further relief the court deems just and proper.

## COUNT II – Breach of Warranties

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "22" of this complaint as if set forth herein in full

24. Defendant Watts designed, manufactured, fabricated, constructed, supplied, distributed, and/or sold a product, namely the Pressure Reducing Valve.

25. Defendant Watts expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Watts was a merchant with respect to goods of the

kind involved in the Incident. Watts knew or had reason to know of the particular purposes for which the Pressure Reducing Valve were required and that Freemont was relying on Watts' skill and judgment to select and/or furnish suitable products. Watts also knew or had reason to know that Freemont, and those utilizing the product, relied on the warranties made by Watts. Watts breached its warranties because the Pressure Reducing Valve was unsafe, not of merchantable quality, and unfit for its intended uses and purposes. The damages and destruction suffered by Freemont and GAIC were a direct and proximate result of the breaches of said warranties by Watts. Due notice has been given Watts of its breaches of warranties.

WHEREFORE, plaintiff demand judgment on all causes of action against Defendant in an amount to be determined at trial, but in excess of Two Hundred Eight Seven Thousand Nine Hundred Eighty-Two Dollars ($287,982.00), together with pre-judgment and post judgment interest, the costs and disbursements of this action, and all other and further relief the court deems just and proper.

        Respectfully submitted,
        Plaintiff,
        By its attorneys,

        */s/ Brett R. Corson*
        Brett R. Corson, BBO #677644
        SLOANE AND WALSH, LLP
        One Center Plaza
        Boston, MA  02108
        (617) 523-6010
        bcorson@sloanewalsh.com

Dated: June 18, 2019